# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. MCMILLIAN, | Case No. 1:19-cv-00444-SAB (PC) |
| Plaintiff, | |
| v. | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE |
| O. DELGADO, et.al., | |
| Defendants. | [ECF No. 1] |

Plaintiff Patrick M. McMillian is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action was filed on March 29, 2019, in the Superior Court of California, County of Kings. On April 5, 2019, Defendants removed the action to this Court.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On March 25, 2018, on Facility A at California Correctional Institution (CCI), a riot between non-affiliated African American inmates and Hispanic-security threat group 2-members (Two Fivers) erupted. As the armed Hispanic inmates attacked the African American inmates, officers deployed all available uses of force to stop the disturbance. Several inmates not involved in the altercation were hit by direct impact sponge rounds) as officers fired 40-mm less lethal weapons, although by their own admissions, at times they were blinded by fog or smoke from tactical grenades and pepper spray-foggers. Plaintiff was shot in the face with a 40-mm less than weapon, even though there was no need for force to be used against him.

Defendant O. Delgado shot 17 sponge rounds from his 40-mm multi-launcher, and an ammunition bag of 10-rounds.

2

Defendant N. Romero shot 12 sponge rounds from his 40-mm multi-launcher, and a bag with 20-rounds of exact impact sponge rounds.

Defendant D. Brown shot 10 sponge rounds from his 40-mm multi-launcher, and an ammunition bag with 10-rounds of exact impact sponge rounds.

Defendant C. Riley shot 9 sponge rounds from his 40-mm single shot launcher, and an ammunition bag of 10 exact impact sponge rounds.

Defendant B. Jones shot 9 sponge rounds from his 40-mm multi-launcher.

Defendant M. Negrete shot 6 sponge rounds from his 40-mm round launcher, 2 warning shots from his mini-14, and 1 effect-round from his mini-14.

Defendant J. Dunnahoe shot 6 sponge rounds from his 40-mm single-shot launcher, and an ammunition bag of 10 exact impact sponge rounds.

As a result of Defendants' action, Plaintiff was struck in the face with a 40-mm launcher even though he was not involved in the riot and was prone-out on the floor away from the incident.

## III.

## DISCUSSION

### A. Excessive Force

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Liberally construed, Plaintiff's allegations give rise to a cognizable claim for excessive force against Defendants Delgado, Romero, Brown, Jones, Negrete, Dunnahoe and Riley.

### B. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff's allegations fail to give rise to a cognizable failure to protect claim. Although Plaintiff submits that there was a riot on March 25, 2018, and that several officers used force to stop the fighting, there are insufficient allegations that any Defendant knew beforehand that such a riot would take place and failed to protect Plaintiff. Plaintiff's claim that Defendants knew of the riot is nothing more than a conclusory and speculative allegation. Accordingly, Plaintiff fails to state a cognizable failure to protect claim.

### IV.
### CONCLUSION AND ORDER

For the reasons discussed, the Court finds that Plaintiff has stated a cognizable claim against Defendants Delgado, Romero, Brown, Jones, Negrete, Dunnahoe and Riley for excessive force in violation of the Eighth Amendment. Plaintiff shall be granted leave to file an amended complaint to

cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his claim against Defendants Delgado, Romero, Brown, Jones, Negrete, Dunnahoe and Riley for excessive force. The Court will then recommend to a district judge that this case only proceed on that claim for the reasons discussed above.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

An amended complaint supersedes all prior complaints. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, any amended complaint is limited to 25 pages in length. An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:
    a. an amended complaint, limited to 25 pages in length, or
    b. a notice of his intent to proceed upon the cognizable claim identified in this order;

and,

///

3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: **April 12, 2019**

_____
UNITED STATES MAGISTRATE JUDGE