# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. McMILLIAN,<br><br>    Plaintiff,<br><br>v.<br><br>O. DELGADO, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-00444-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED, WITHOUT PREJUDICE, AS FUTILE<br><br>[ECF No. 23] |

Plaintiff Patrick M. McMillain is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion to amend the complaint, along with a proposed amended complaint, filed November 15, 2019. Defendants did not file an opposition, and the time to do so has expired.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants O. Delgado, N. Romero, D. Brown, C. Riley, B. Jones, M. Negrete, and J. Dunnahoe for excessive force in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on July 1, 2019. After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on September 11, 2019.

1

# II.

# DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 814, 845 (9th Cir. 1995); Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiff states seeks to amend the complaint because "[s]ince the filing of this complaint, the Plaintiff determined that excessive force is not his cause of action. The complaint needs to be re-written. Plaintiff realizes that the appropriate cause of action is Negligence." (Mot. at 1, ECF No. 23.) Plaintiff's motion must be denied. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no

more than six months after the cause of action accrues.[1] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007) as modified (Oct. 10, 2007) superseded by statute on other grounds as recognized by Rubenstein v. Doe No. 1, 3 Cal.5th 903, 905 (2017), as modified on denial of reh'g (Nov. 1, 2017); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim, 839 F.2d at 627. Plaintiff has not alleged compliance with the Government Claims Act, and, therefore fails to state a cognizable state law claim. Thus, Plaintiff's motion to amend should be denied, without prejudice, as futile.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint filed on November 15, 2019 (ECF No. 23), be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///

///

///

---

[1] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

3

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 9, 2019**__

UNITED STATES MAGISTRATE JUDGE