# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK M. McMILLIAN,<br><br>       Plaintiff,<br><br>       v.<br><br>O. DELGADO, et.al.,<br><br>       Defendants. | Case No.: 1:19-cv-00444-LJO-SAB (PC)<br><br>ORDER VACATING DECEMBER 9, 2019<br>FINDINGS AND RECOMMENDATION<br><br>[ECF No. 26]<br><br>FINDINGS AND RECOMMENDATIONS<br>RECOMMENDING PLAINTIFF'S MOTION FOR<br>LEAVE TO AMEND BE GRANTED<br><br>[ECF Nos. 23, 24, 28] |

Plaintiff Patrick M. McMillian is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

## RELEANT BACKGROUND

This action is proceeding against Defendants O. Delgado, N. Romero, D. Brown, C. Riley, B. Jones, M. Negrete, and J. Dunnahoe for excessive force in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on July 1, 2019. After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on September 11, 2019.

///

///

On November 15, 2019, Plaintiff filed a motion to amend the complaint, along with a proposed amended complaint. (ECF Nos. 23, 24.) Defendants filed an opposition on December 9, 2019. (ECF No. 25.)

On December 9, 2019, the Court issued a Findings and Recommendation recommending that Plaintiff's motion to amend be denied. Plaintiff sought to amend the complaint because he "determined that excessive force is not his cause of action." (ECF No. 23, at 1.) "Plaintiff realizes that the appropriate cause of action is Negligence." (Id.) The Court denied Plaintiff's motion to amend because he failed to allege compliance with the Government Claims Act. (ECF No. 26.)

On December 20, 2019, Plaintiff filed objections to the Findings and Recommendation, along with a separate motion for leave to correct and amend the complaint to reflect that he has complied with the Government Claims Act. (ECF Nos. 27, 28.)

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 814, 845 (9th Cir. 1995); Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiff seeks to amend the complaint because he "determined that excessive force is not his cause of action." (ECF No. 23, at 1.) "Plaintiff realizes that the appropriate cause of action is Negligence." (Id.) The Court denied Plaintiff's motion to amend because he failed to allege compliance with the Government Claims Act. (ECF No. 26.) In his December 20, 2019, objections to the Findings and Recommendations and motion to correct and/amend the complaint, Plaintiff contends that he has complied with the Government Claims Act. (ECF Nos. 27, 28.) In the amended complaint, Plaintiff alleges "[t]he negligence violated Plaintiff McMillan's rights and constituted cruel and unusual punishment under the 8th. Amendment to the United States Constitution." (ECF No. 24 at 4.) Liberally construing Plaintiff's amended complaint, as this Court must, it appears that Plaintiff is attempting to proceed on both a claim for excessive force and negligence.

The Court finds no bad faith or futility in Plaintiff's proposed amendment. The proposed amended complaint arises from the same events in the original complaint. In addition, the Court does not find undue delay or prejudice to Defendants in allowing Plaintiff to amend to add a state law claim of negligence at this juncture.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Here, because the Court has determined that Plaintiff states a cognizable Eighth Amendment claim against Defendants O. Delgado, N. Romero, D. Brown, C. Riley, B. Jones, M. Negrete, and J. Dunnahoe pursuant to § 1983, the Court, in the exercise of its discretion, will also exercise supplemental jurisdiction over Plaintiff's California negligence claim, which appears to rise from the same case or controversy as Plaintiff's Eighth Amendment claim. However, at this stage of the proceedings, the Court makes no determination as to the viability of Plaintiff's negligence claim. See, e.g., King v. Chokatos, No. 1:12-cv-1936-LJO-GSA-PC, 2015 WL 5834230, at *6 (E.D. Cal. Oct. 1, 2015). Accordingly, the Court will recommend that Plaintiff's motion to amend be granted, and this action proceed on Plaintiff's Eighth Amendment claim and California negligence claim.

## III.

### ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that The December 9, 2019 Findings and Recommendation (ECF No. 26) is VACATED.

Further, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motion to amend the complaint (ECF No. 23) be granted; and

2.      The Clerk of Court be directed to file the amended complaint lodged on November 15, 2019 (ECF No. 24).

///
///
///
///
///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**January 15, 2020**__

UNITED STATES MAGISTRATE JUDGE